## Snyder Estate

Harold S. Irwin and Tom H. Bietsch, for respondent. Robert L. Myers, Jr., for petitioners.

SHUGHART, P. J., July 16, 1953.—The petition filed in the above matter avers that on or about July 23, 1951, decedent, Nannie A. Snyder, and John C. Snyder, entered into a contract for the execution of mutual irrevocable wills, and at the same time a joint will was executed by them.

John C. Snyder died on February 8, 1952. Thereafter, on January 17, 1953, Nannie A. Snyder executed a new will revoking prior wills. On January 27, 1953, a codicil to the later will was executed. The disposition of decedent's property under the later will and codicil are materially different from that contained in the joint will of decedent and her husband.

The later will and codicil were probated on March 12, 1953, and letters testamentary were granted to Ray E. Greegor, the executor therein named. On April 28, 1953, present petitioners filed their appeal from the decree of the register of wills admitting the later will and codicil to probate.

Petitioners are legatees and devisees under both the alleged joint will and the later will and codicil admitted to probate. Their share in distribution would, however, be less under the later will than it would be under the alleged joint will.

Pursuant to the present petition, filed on April 28, 1953, a citation was directed to Ray E. Greegor, individually, and as executor, and to other parties beneficiary under the will and codicil, to show cause why the decree admitting the will and codicil to probate should not be opened, and leave granted to produce before the register of wills proof of the contract between decedent and her husband for the execution of a mutual and irrevocable joint will, and proof of the execution of the joint will; to show cause why the grant of letters to Ray E. Greegor should not be revoked, and an administrator pendente lite appointed pending the disposition of the appeal, and further, that the executor be enjoined from selling or disposing of any of the assets of the estate pending determination of the issue.

Preliminary objections have been filed to the petition, by Ray E. Greegor, the executor. The matter has been argued and is now before the court for disposition.

The principal contention of respondent, as set forth in his objections, is that the question of the validity and effect of the joint will is one of distribution and not one of probate and is, therefore, not material in any way to the question of probate or to the issuance of letters. This brings us to a consideration of whether or not a joint or mutual will, which is made in performance of a contract to make a will, is revocable.

". . . Revocability is an essential element of a will; and it is said that an irrevocable instrument cannot be a will whatever else it may be. Accordingly *it is held,*

*by the great weight of authority, that a will which is made in performance of a contract to make a will is, as far as probate tribunals are concerned, as revocable as any other will.*

"So a joint, mutual, or reciprocal will, which is made in performance of a contract to make a will, is revocable. Even though there is a covenant not to revoke, or the will contains a declaration that it is irrevocable, it may be revoked like any other will. . . .

". . . The remedy is not, in most states, a direct proceeding to probate the will, if any, which the promisor executed in performance of his contract; . . .": 4 Page on Wills, sec. 1709. (Italics supplied.)

Petitioners contend that the present situation is controlled by McGinley's Estate, 257 Pa. 478. In that case mutual and reciprocal wills were executed by a husband and wife. After the death of the husband, the wife revoked the mutual will and executed another will which was duly probated after her death. An appeal was taken from the probate of the subsequent will and a rule was issued to show cause why the will should not be adjudged void and an issue awarded to determine whether testator was the victim of hallucinations and delusions, was of sound and disposing mind, whether the execution of the will was procured by fraud or undue influence, and whether the mutual and reciprocal will executed by the husband and wife prevented the wife from revoking it after the husband's death.

The court below refused to award an issue, finding that there was insufficient evidence to permit a jury to find mental incompetency or undue influence. The Supreme Court held that the evidence did warrant the grant of an issue to determine whether there had been a valid agreement between the husband and wife to execute mutual wills, and for this reason reversed the court below.

In the opinion it was said at page 486:

"This proceeding was conducted by the parties, and the question as to the validity of the alleged contract was determined by the court below on the theory that the contract, if valid, could be set up to defeat the probate of the will of 1915 (the later will). In conformity with our practice, we have disposed of the appeal in like manner, and, hence, it is sufficient to say that we think the evidence justifies awarding an issue to determine whether an irrevocable.contract was made between the parties as.alleged by the contestants."

It is evident from the foregoing language, that the court did not find it necessary to decide if the mutual will was irrevocable, and specifically refrained from so doing.

In Dewees' Estate, 12 D. & C. 93, 95, decided after McGinley's Estate, Judge, now Justice, Stearne said:

"While there is confusion and some conflict upon the question of revocability of a joint and mutual will by one of the makers after the death of the other, the instrument, *as a testamentary instrument*, may be revoked. Irrespective of the express or implied covenant against revocation, a later will executed by one of the parties is properly probated. A court of equity may, however, in a proper case, give effect to the will, *as a contract*, and enforce the contract in the same manner as a valid agreement to make or not to revoke an individual will. It is chiefly on the point of the validity and enforcement of the will as a contract that courts have treated the subject of revocability."

Swenk Estate, 81 D. & C. 504, involved facts very similar to those of the instant case. In that case F and S executed wills having reciprocal provisions, in the presence of each other and before the same witnesses. After F's death, S executed another will, naming different beneficiaries, and subsequently died. A bene-

ficiary of S's earlier will filed a caveat, claiming that the latter will was contrary to an oral contract between F and S to make mutual or reciprocal wills.

The orphans' court refused to award an issue d. v. n. and remanded the record to the register with instructions to probate the later will.

After discussing and distinguishing McGinley's Estate, supra, the court said at page 470: "We conclude that the contract here asserted is a question of distribution and not of probate."

Numerous cases in this State refer to the enforcibility of contracts to execute wills; in some of them (e.g., Rhodes' Estate, 277 Pa. 450) may be found language indicating that a joint or mutual will, based upon an enforcible contract, cannot be revoked. Except for Swenk Estate, supra, we have been cited no case where the question was squarely before the court; any statements in regard to the irrevocability of such wills are, therefore, dicta.

In commenting upon Swenk Estate, supra, the editors of the Fiduciary Review (September 1952) said:

"While it has not always been clear that a will written in violation of a contract may be probated (McGinley's Est., 257 Pa. 478), Judge Bowman in the principal case obviously is correct in his distinction between the rights of probate and of distribution."

The decision is also in line with the great weight of authority: 4 Page on Wills, sec. 1709.

We concur with this view, and the petition must, therefore, be dismissed without prejudice to petitioners to pursue other remedies to enforce the alleged contract between the Snyders to execute the joint and mutual will. In view of the disposition of the foregoing objection, it is unnecessary to consider any of the other objections.

And now, July 16, 1953, at 2:30 p.m. (E. S. T.), in conformity to the foregoing opinion, respondent's preliminary objection is sustained, the petition is dismissed, and the order thereon revoked.